UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALBERTO REYES BACAPICIO,<br><br>Petitioner,<br><br>v.<br><br>KRISTJEN NIELSON, et al.,<br><br>Respondents. | Case No. 19-cv-00236<br><br>**ORDER GRANTING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 2 |

Before the Court is petitioner Jose Alberto Reyes Bacapicio's Emergency Motion for a Temporary Restraining Order. Dkt. No. 2. The motion was filed on an ex parte basis under Federal Rule of Civil Procedure 65(b), and it seeks the emergency stay of petitioner's removal from the United States, which petitioner contends is scheduled to occur on Monday, January 14, 2019. *Id.*

Under Federal Rule of Civil Procedure 65(b), a court may issue an ex parte TRO if: (1) it clearly appears that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition; and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. Fed. R. Civ. Pro. 65(b); *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). Notice may be excused when "a known party cannot be located in time for a hearing." *McCord*, 452 F.3d at 1131. Temporary restraining orders granted ex parte are to be "restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 438-39, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974); *McCord*, 452 F.3d at 1131.

The Court finds petitioner has satisfied Rule 65(b) and an order preserving the status quo should issue. Petitioner has raised a serious question that his removal order was issued without jurisdiction because of defects in the Notice to Appear that preceded it. He has sufficiently explained for present purposes that he could lose his opportunity to litigate this claim if he is removed as scheduled tomorrow. Petitioner has also shown the emergency nature of his request and why ex parte relief is appropriate – his motion states that his former counsel was informed on Friday, January 11, 2019, that he was to be removed to Mexico on Monday, January 14, 2019; and his motion was filed around 1 a.m. on Sunday, January 13, 2019. **The Court consequently enjoins defendants from removing petitioner from the United States for 14 days, until January 27, 2019, at 5:00 p.m.**

The Court will separately issue an Order to Show Cause for petitioner's petition for a writ of habeas corpus. Dkt. No. 1. In the meantime, petitioner is directed to serve all defendants with his habeas petition, associated filings, and this Order by no later than January 14, 2019, and file a proof of service of same with the Court by no later than January 15, 2019.

This order was issued on Sunday, January 13, 2019, at 3:15 p.m.

**IT IS SO ORDERED.**

Dated: January 13, 2019

JAMES DONATO
United States District Judge